UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


KingCast.net

          v.                              Civil No. 10-cv-501-PB

Friends of Kelly Ayotte, et al.


## REPORT AND RECOMMENDATION

Before me is plaintiff Chris King's[1] motion for temporary

restraining order (Doc. No. 2).  An evidentiary hearing took

place on today's date.  For the reasons stated below, I

recommend that the court deny the motion.

## I.   Motion to Strike

As a preliminary matter, the court denies defendants'

motion to strike plaintiff's video exhibit.  The exhibit

contains editorial content in addition to footage of relevant

events.  The video originally was attached to Doc. No. 2 in

KingCast.net v. N.H. Republican Party, No. 10-cv-492-PB

(D.N.H.).  The editorial content is at times inflammatory.

However, for purposes of the motion now before it, the court

---

[1]No appearance has been filed by a licensed attorney on plaintiff
Kingcast.net's behalf, as is required by Local Rule 83.2.  At
the hearing, the court granted King's oral motion to amend the
complaint to name himself individually as plaintiff.  The court
ordered King to file a written amended complaint on or before
November 16, 2010.

accepts and considers the relevant footage contained in the video and disregards all editorial content.

## II.  <u>Legal Standards</u>

In deciding whether to issue a temporary restraining order ("TRO"), the court examines (1) the plaintiff's likelihood of success on the merits of its claim, (2) the risk of irreparable harm to the plaintiff absent the injunction, (3) how that threatened harm balances against the harm that granting the motion threatens to cause the defendant, and (4) any effect the ruling would have on the public interest.  <u>See</u>, <u>e.g.</u>, <u>Naser Jewelers, Inc. v. City of Concord</u>, 513 F.3d 27, 32 (1st Cir. 2008).  While all four factors must be considered, "[t]he sine qua non of this four-part inquiry is likelihood of success on the merits."  <u>New Comm Wireless Servs. v. SprintCom, Inc.</u>, 287 F.3d 1, 9 (1st Cir. 2002).

## III. <u>Discussion</u>

Plaintiff has not, on this limited record, shown either likelihood of success on his claims, or the necessary exigency for entry of a TRO.

Plaintiff Chris King is an African American journalist who runs two internet blogs, "Chris Kings 1st Amendment Page" and "Kelly Ayotte Senate Blog."  He filed a multi-count complaint under federal and state law in New Hampshire state court against defendants Kelly Ayotte Senate Campaign, the New Hampshire

2

Republican Party, Nashua Republican City Committee, and the

Nashua Police Department.  All defendants removed the case to

this court under the general removal statue, 28 U.S.C. § 1446.

Plaintiff brings claims for violation of the First, Fourth,

and Fourteenth Amendments to the U.S. Constitution, a violation

of 42 U.S.C. § 1981, and state law claims for assault, false

arrest, and negligence.  The central events alleged in the

complaint concern the actions of the defendants toward King

during three political party rallies: (1) the August 29, 2010,

Kelly Ayotte Facebook rally, (2) the September 12, 2010, Joe

Arpaio event, and (3) the October 2, 2010, John McCain event.

Plaintiff entered or sought entry to all three events as a

journalist, but was either denied entry or was escorted from the

event by Nashua police at the direction of persons working for

the political party event sponsors.  At all three events other

media, all of whom were Caucasian, were allowed entry and were

allowed to remain at the events.  Evidence regarding one

additional event that occurred on November 1, 2010, in

Portsmouth, NH, was submitted at the hearing.

In his motion for a TRO, plaintiff seeks an emergency

injunction requiring defendants to allow his entry to campaign

events.  At the hearing, however, plaintiff identified only a

single imminent event to which he seeks entry, an anticipated

Kelly Ayotte event tonight following the election.  The event is

to be held on private property, the Grappone Center in Concord,
is sponsored by the Friends of Kelly Ayotte, and is an event for
Kelly Ayotte's supporters.

The court finds, on the limited record before it, that King
is not likely to succeed on the merits of his claims.  First,
plaintiff is unlikely to succeed on his claim of race
discrimination under the Fourteenth Amendment.  To succeed on
his claim, plaintiff must show that defendants acted with
discriminatory intent.  Washington v. Davis, 426 U.S. 229, 238-
48 (1976).  Plaintiff offers as proof of such intent, evidence
(1) that he is the only black journalist at these events and the
only journalist excluded from the events; (2) that Kelly Ayotte,
a candidate for U.S. Senate, has refused to answer King's
question to her whether she repudiates the racist sentiments of
a certain website, and (3) that Ayotte and King have a past
acrimonious history.  The court finds that such evidence is
insufficient proof of discriminatory intent on the part of any
of the political party defendants or the Nashua police.  In
addition, King has not shown that any of the political party
defendants are state actors for purposes of King's race
discrimination claim.  See Alberto San v. Consejo De Titulares
Del Condominio San Alberto, 522 F.3d 1, 4 (1st Cir. 2008).

Second, King is unlikely to succeed in proving a violation
of his First Amendment right to free speech.  This court's

4

decision in Kay v. Bruno, 605 F. Supp. 767 (D.N.H. 1985), aff'd

821 F. 2d 31 (1st Cir. 1987), provides the relevant legal

analysis for most of the events at issue in this proceeding.  In

Kay, this court held that plaintiff, a candidate for the United

States presidency, failed to allege a violation of his First

Amendment right to free speech against a private political

organization who secured police assistance in removing plaintiff

from a private political event.  The court found that, because

the event was a private event and was held on private property,

(1) defendant political organizations were not "state actors"

when they sought the assistance of police to remove plaintiff

from the event, and (2) the rental of a building at a private

college was not the "equivalent to the establishment of a public

forum."  Id. at 772.

     In the present case, the Kelly Ayotte Facebook rally, the

GOP Arpaio Fundraising rally, and the McCain rally, were all

held by the private political organization defendants on private

property.  Specifically, the Facebook rally was held at a

private parking lot; the Arpaio rally was held at the Crowne

Plaza Hotel in Nashua; and the McCain rally was held at the VFW

hall in Nashua.

     King argues that the events and the properties on which

they were held were essentially public forums.  The court

rejects the argument.  The fact that the political organizations

invited the public and all media to the events did not convert

these private events to public forums.  Cf. Koczak v.

Grandmaison, 684 F. Supp. 763 (D.N.H. 1988) (holding private

event sponsored by private political organization on grounds of

public university not equivalent to public forum).  See also

Lloyd Corp. v. Tanner, 407 U.S. 551, 569 (1972) (holding

shopping mall not public forum because property does not "lose

its private character merely because the public is generally

invited to use it").

Three other discrete occurrences for which plaintiff

submitted evidence require further discussion.  The first

instance involves a police officer asking King to move off a

sidewalk outside the VFW hall during the McCain rally.  This

situation is not governed by the Kay decision because it does

involve a public forum (the sidewalk) and a state actor (the

police officer).  The court finds that the officer's actions do

not amount to a violation of King's First Amendment rights.  The

video submitted by King shows that the action of the officer was

de minimus and reasonable under the circumstances.  The officer

asked King to move in order to allow a car to maneuver through a

parking lot.  There is no evidence that King was not allowed

back to the sidewalk after the car moved.

The second and third instances that this court must

evaluate outside the purview of Kay, are ones involving Kelly

Ayotte's security guard, Steve Monier.  At the Facebook rally, the McCain rally, and outside the diner in Portsmouth, Monier thwarted King's efforts to approach Kelly Ayotte.  Monier testified that he believed King's jostling and pushing to get close to Ayotte were a threat to Ayotte.  The court finds, on this limited record, that Monier reasonably believed King to be of some danger to Ayotte.  His conduct, therefore, cannot be said to be motivated by the content of King's speech.  In addition, in all of those instances Monier was acting as a private individual and not under color of state law.  To the extent that Monier called the police during the Facebook incident, there was no evidence that police played any role in that incident.

Finally, King is not likely to prevail on his state law claims for false arrest, assault, and negligence.  Those claims are undermined by the right of the defendants to remove King from private events taking place on private property and to protect Kelly Ayotte.

With respect to the exigency of King's request for a temporary restraining order, the court finds that the single imminent event planned for tonight is a purely private event to which King is not entitled to access, for the reasons set forth in Kay.  King admits that no other events are imminent.

## IV. Conclusion

For all of these reasons, this magistrate judge recommends that the court deny King's motion for a temporary restraining order (Doc. No. 2).

Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Pract. Of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992).

_____
Landya B. McCafferty
United States Magistrate Judge

Dated:  November 2, 2010

cc:  Brian J.S. Cullen, Esq.
     Gordon J. MacDonald, Esq.
     Jack B. Middleton, Esq.
     Jennifer L. Parent, Esq.
     KingCast.net, pro se